## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## NORTHERN DIVISION

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,                                                    Civil Action No.

        Plaintiff,

v.

NEENAH PAPER, INC.,                                   **COMPLAINT**
                                                                     **AND JURY TRIAL**
                                                                     **DEMAND**

        Defendant.

_____/

### NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Charging Party Kris Gauthier ("Gauthier"). As alleged with greater particularity in paragraphs 15 and 16 below, the Equal Employment Opportunity Commission alleges that Defendant Neenah Paper, Inc. ("Defendant" or "Defendant Employer"), violated the Americans with Disabilities Act when it failed to allow Gauthier to return to work because of his disability and subsequently forced Gauthier to take medication under observation at Defendant's facility in order to return to work.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e-5(f)(1) and (3), and pursuant to Section 102 of the Civil Rights Act of 1991, as amended, 42 U.S.C. § 1981(a).

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Michigan, Northern Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

2

4.      At all relevant times, Defendant Neenah Paper, Inc., headquartered in Alpharetta, Georgia, has continuously been doing business in the State of Michigan and City of Munising, and has continuously had at least fifteen (15) employees.

5.      At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Section 701(g) and (h) of Title VII, 42 U.S.C. § 2000e(g) and (h).

6.      At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7.      More than thirty (30) days prior to the institution of this lawsuit, Gauthier filed a charge with the Commission alleging violations of Title I of the ADA by Defendant Employer.

8.      On March 13, 2015, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9.      The Commission engaged in communications with Defendant to

3

provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10.     The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11.     On April 27, 2015, the Commission issued to Defendant a Notice of Failure of Conciliation.

12.     All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

13.     Gauthier is a qualified individual with a disability under Sections 3 and 101(8) of the ADA, 42 U.S.C. §§ 12102 and 12111(8).

14.     Gauthier has an impairment, seizure disorder, which substantially limits a major life activity – neurological function.

15.     On or about December 13, 2012, Defendant engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112. Specifically, Defendant refused to allow Gauthier to return to work following a medical leave of absence because of his disability, even though Gauthier received medical clearance from his physician to return to work. Defendant continued to deny Gauthier's return to his job on the production floor as a Fourth Hand until July of 2013.

4

16.     At least since July of 2013, Defendant has engaged in unlawful employment practices in violation of Section 102 of Title I of the ADA, 42 U.S.C. § 12112. Defendant has treated Gauthier differently than non-disabled employees. Specifically, as a condition to return to work, Defendant compelled Gauthier to enter into an agreement in which he was required to take anti-epileptic medication under observation at Defendant's facility. Defendant continues to require Gauthier to take anti-epileptic medication under observation as a condition of employment.

17.     The effect of the practices complained of in paragraphs 15 and 16 above has been to deprive Gauthier of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

18.     The unlawful employment practices complained of in paragraphs 15 and 16 above were intentional.

19.     The unlawful employment practices complained of in paragraphs 15 and 16 above were done with malice or with reckless indifference to the federally protected rights of Gauthier.

## **PRAYER FOR RELIEF**

WHEREFORE, the Commission respectfully requests that this Court:

A.     GRANT a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying employees the opportunity to return to work

5

because of their disabilities.

B.      Grant a permanent injunction enjoining Defendant Employer, its

officers, agents, servants, employees, attorneys, and all persons in active concert or

participation with it, from subjecting employees to different terms and conditions

of employment because of their disabilities.

C.      ORDER Defendant Employer, to institute and carry out policies,

practices, and programs which provide equal employment opportunities for

individuals with disabilities, and which eradicate the effects of its past and present

unlawful employment practices.

D.      ORDER Defendant Employer to make whole Gauthier by providing

him with appropriate backpay, with pre-judgment interest, in amounts to be

determined at trial, and other affirmative relief necessary to eradicate the effects of

its unlawful employment practices, including but not limited to appropriate front

pay.

E.      ORDER Defendant Employer to make whole Gauthier by providing

compensation for past and future pecuniary losses resulting from the unlawful

practices complained of in paragraphs 15 and 16 above.

F.      ORDER Defendant Employer to make whole Gauthier by providing

compensation for past and future non-pecuniary losses resulting from the unlawful

practices complained of in paragraphs 15 and 16 above, in amounts to be

determined at trial.

G.      ORDER Defendant Employer to pay Gauthier punitive damages for its malicious and reckless conduct, as described in paragraphs 15 and 16 above, in amounts to be determined at trial.

H.      GRANT such further relief as the Court deems necessary and proper in the public interest.

I.      AWARD the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Date: August 26, 2015                         Respectfully submitted,

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

<u>/s/ Laurie A. Young</u>
Regional Attorney
Indianapolis District Office

<u>/s/ Kenneth Bird</u>
Supervisory Trial Attorney
Detroit Field Office

<u>/s/ Omar Weaver (P58861)</u>
Senior Trial Attorney
Detroit Field Office
477 Michigan Ave., Room 867
Detroit, MI 48226
(313) 226-3407

7

omar.weaver@eeoc.gov